**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

June 29, 2021

LETTER TO COUNSEL

RE: *Lavinia R. v. Saul*
Civil No. SAG-20-1083

Dear Counsel:

On April 27, 2020, Plaintiff Lavinia R. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 12, 15, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claims for benefits on October 26, 2017, Tr. 187-95, and she alleged a disability onset date of October 16, 2019, Tr. 25. Her claims were denied initially and on reconsideration. Tr. 127-32, 136-39. A hearing was held on May 8, 2019, before an Administrative Law Judge ("ALJ"). Tr. 43-74. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 22-42. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "right acromioclavicular joint arthrosis, degenerative disc disease of the cervical spine, bilateral carpal tunnel syndrome, degenerative changes of the bilateral knees and obesity." Tr. 28. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally reach overhead bilaterally and frequently handle and finger bilaterally. She can occasionally climb ramps and stairs, never climb ladders,

>ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl. [She] can never work at unprotected heights.

Tr. 29. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a tax preparer. Tr. 33. The ALJ also concluded in the alternative that Plaintiff could perform other jobs available in significant numbers in the national economy. Tr. 34-35. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 35.

Plaintiff raises two primary arguments on appeal: (1) that the ALJ erroneously discounted medical opinion evidence from Plaintiff's treating providers, and (2) that the ALJ erroneously evaluated the consistency of her reported symptoms with the evidence of record. ECF No. 12. These arguments lack merit for the following reasons.

First, Plaintiff argues that the ALJ failed to comply with the applicable regulations when he found the medical opinions of treating providers PA-C Shah and CRNP Dhir unpersuasive. ECF No. 12-1 at 11-20; ECF No. 18 at 2-6. As to the ALJ's evaluation of the consistency of the opinions with the record evidence, Plaintiff advances several arguments, including: (1) that the ALJ found the opinions inconsistent with the evidence but effectively agreed with the opinions as to Plaintiff's ability to stand only for short periods of time, (2) that the ALJ did not fully articulate how the opinions were inconsistent with "diagnostic studies," and (3) that the opinions actually were consistent with many physical findings. *Id.* As to the supportability factor, Plaintiff argues that the ALJ referenced evidence from other sources, not from PA-C Shah, and that this mode of analysis fails to meet the regulations' requirements. *Id.*

For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. *See* 20 C.F.R. §§ 404.1520c, 416.920c. An ALJ is required to articulate in the decision how persuasive he finds each medical opinion. *Id.* §§ 404.1520c(b), 416.920c(b). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Therefore, the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs also consider other factors enumerated in the regulations, and they "may, but are not required to," explain that consideration in the decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

In this case, the ALJ found the opinions from PA-C Shah and CRNP Dhir were "not persuasive, as they [were] neither internally supported nor consistent with the overall evidence." Tr. 32. In making this finding, the ALJ discussed objective medical evidence, Plaintiff's activities of daily living, and Plaintiff's treatment history. Tr. 32-33. Because I find that the ALJ complied with the regulations in making these findings, remand is unwarranted. *See Stephen Andrew J. v. Saul*, No. TMD-20-418, 2021 WL 1060399, at *5 (D. Md. Mar. 19, 2021) (finding that an ALJ

complied with the new regulatory scheme because he "considered the objective medical evidence, [the] [p]laintiff's conservative treatment, and [the plaintiff's] activities of daily living").

First, Plaintiff's argument that the medical evidence must have been consistent with the providers' opinions because the ALJ limited Plaintiff to sedentary work, or work that may require standing or walking only two of eight hours per day focuses only on the providers' opinions that Plaintiff could not stand for six of eight hours. *See* ECF No. 12-1 at 14 (citing 20 C.F.R. §§ 404.1567(a), 416.907(a)); Tr. 32, 808-21. As the ALJ explained, the providers also opined that Plaintiff's impairments "prevent[ed] her from . . . sitting upright for six of eight hours and require[d] her to lie down during the day." Tr. 32. In opinions from PA-C Shah from October 2017 and July 2018, PA-C Shah opined Plaintiff could sit for only one hour and reach for one hour. Tr. 32 (citing Tr. 589-95, 1030-33). Yet, those limitations do not appear in Plaintiff's RFC. *See* Tr. 29 (limiting Plaintiff to work requiring her to sit for most of the day and reach up to one-third of the time); 20 C.F.R. §§ 404.1567(a), 416.907(a) (defining "sedentary" work); Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *3 (July 2, 1996) (defining "occasionally"). The record thus reflects that while the ALJ may have agreed with the providers on one point, he nonetheless found several other limitations identified by the providers were inconsistent with much of the record evidence.

Second, I disagree with Plaintiff that the ALJ insufficiently articulated how the providers' opinions were inconsistent with the objective medical evidence. Not only did the ALJ qualify his statement by reference to "diagnostic studies revealing only mild anatomical abnormalities," the ALJ also provided citations to numerous records that discuss the objective medical findings. Tr. 32. Further, although the regulations do not require an ALJ to consider multiple medical opinions submitted by a single source, 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1), in this case the ALJ discussed PA-C Shah's several opinions over the span of three paragraphs, Tr. 32-33. The ALJ discussed Plaintiff's mild anatomical abnormalities, normal gait, activities of daily living, and treatment prescribed by her providers. Tr. 32-33. This discussion, which occurred in tandem to the ALJ's discussion of the extreme limitations identified by Plaintiff's providers and was supported by citations to the record, sufficiently apprises the Court of the ALJ's thinking and facilitates appropriate judicial review.

Third, as to Plaintiff's argument that other record evidence supported greater limitations or greater persuasive weight on PA-C Shah's and CRNP Dhir's medical opinions, this Court may review only for whether the ALJ complied with the relevant legal standards and made findings supported by substantial evidence. 42 U.S.C. § 405(g); *see Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Plaintiff essentially asks the Court to reweigh the evidence, which is outside the scope of the Court's authority under 42 U.S.C. § 405(g). *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, [the Court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [the Court's] judgment for that of the Secretary.").

As to Plaintiff's argument about the ALJ's evaluation of the opinions' supportability, Plaintiff ignores the fact that the supportability analysis focuses on the physicians' explanations of the opinions. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). In this case, the ALJ found that

the opinions were not "internally supported." Tr. 32. And, while Plaintiff takes issue with the ALJ citing objective medical evidence from other sources as part of the supportability analysis,[1] she fails to explain the significance of this fact where both PA-C Shah and CRNP Dhir cited those objective findings in their opinions when asked to "state all clinical findings and any medical test results and/or laboratory results." Tr. 808 (containing the response from PA-C Shah: "MRI copy attached[,] EMG report is attached"); Tr. 815 (containing the response from CRNP Dhir: "MRI & EMG reports"). Both PA-C Shah and CRNP Dhir went on to state that Plaintiff has been diagnosed with "lumbar spondylosis." Tr. 808, 815. Although it is not completely clear to which scans the providers referred, none of the scans in the record evidence lumbar spondylosis.[2] The ALJ thus considered the providers' explanations, as the regulations required, and made findings with respect to those opinions that are supported by substantial evidence. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations *presented by* a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be.") (emphasis added).[3] Therefore, remand is inappropriate.

Finally, Plaintiff's argument that the ALJ improperly evaluated the consistency of her reported symptoms with the evidence of record is unpersuasive. An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594-95 (discussing the two-part framework used in the Fourth Circuit). First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b),

---

[1] Plaintiff also fails to explain why ALJs may not cite evidence speaking either to consistency or to supportability in a single sentence. While the newer regulations plainly require ALJs to consider both consistency and supportability, the regulations do not expressly require that an ALJ consider the factors in a standalone sentence or paragraph. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[2] In a footnote, Plaintiff argues that the ALJ also erred because "[d]espite [Plaintiff's] allegations of lower back issues and the reported abnormal findings involving [her] lumbar spine, the ALJ did not consider whether [Plaintiff's] lower back impairment constituted a severe impairment, and whether such impairment affected her RFC." ECF No. 12-1 at 17 n.14. Plaintiff herself cites only tenderness around Plaintiff's lumbar spine, "moderately decreased lumbar range of motion with pain, positive bilateral lumbar facet load, and positive bilateral straight leg raising." *Id.* at 16. Specifically, Plaintiff alleged that she was disabled by "[a]rthritis in [her] neck, shoulders, back, [and] arms." Tr. 230. Plaintiff did not present evidence indicating that arthritis of her lumbar spine caused her back pain, and thus likely did not meet her threshold obligation to establish that lumbar arthritis was a medically determinable impairment. *See* 20 C.F.R. §§ 404.1521, 416.921 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source."). In this case, the Court cannot identify—nor has Plaintiff identified—any objective medical evidence showing abnormalities of Plaintiff's lumbar spine. As Plaintiff herself points out, "her main complaints [that were] being investigated concerned her shoulders, upper extremities, and neck, as well as vertigo and a cervix neoplasm screening." ECF No. 18 at 2-3. Thus, because Plaintiff did not submit objective evidence substantiating a lumbar spine impairment, the ALJ did not err in failing to consider Plaintiff's lumbar spine separately from her other medically determinable impairments.

416.929(b); Social Security Ruling 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016). Second, and if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See id.* §§ 404.1529(c), 416.929(c). At the second step, "there need not be objective evidence of the pain itself or its intensity." *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). However, while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595.

In this case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 30. The ALJ went on to discuss the available radiographic and electrodiagnostic evidence of Plaintiff's impairments, which he found generally showed only mild abnormalities. Tr. 30-31. Further, the ALJ thoroughly discussed Plaintiff's treatment history, which consisted of physical therapy and pain management through oral and injectable medication. Tr. 30-32. The ALJ also noted that although Plaintiff experienced pain, no providers had recommended surgery. Tr. 30. Plaintiff's argument that the same treatment history should or could have substantiated her reported symptoms amounts to a request that this Court reweigh the evidence. Where reasonable minds could differ with respect to the record evidence and the ALJ complied with all legal standards, remand is inappropriate. *Craig*, 76 F.3d at 589.

Plaintiff also argues that the ALJ erroneously considered Plaintiff's activities of daily living without considering the extent to which she could perform those activities. ECF No. 12-1 at 25-27 (citing *Brown v. Cmm'r of Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017)). I agree that an ALJ is required to consider the nature and extent of a claimant's activities of daily living when using those activities to discount a claimant's subjective complaints. However, in this case, I find any error harmless. The ALJ referenced Plaintiff's activities of daily living in evaluating the opinion evidence, specifically the extreme limitations identified by her providers. *See* Tr. 30-33; Tr. 32 (discussing Plaintiff's ability to drive in the context of a medical opinion suggesting that Plaintiff could sit for only one of eight hours). The ALJ did not exclusively rely on the activities of daily living in making any of his findings, and instead relied on treatment records and medical evidence to formulate Plaintiff's RFC and used the medical evidence, in addition to the activities of daily living, to weigh the opinion evidence. In light of the other evidence supporting the ALJ's conclusions, I find any error in the assessment of the activities of daily living to be harmless.

Plaintiff argues that the ALJ formulated the RFC in order to find that jobs existed within Plaintiff's capabilities rather than to account for her limitations. ECF No. 12-1 at 21. Plaintiff argues that "[t]he ALJ fail[ed] to explain how 'mild' abnormal diagnostic findings support a limitation to only occasional . . . reaching . . . but other 'mild' abnormal diagnostic findings only support a limitation to frequent manipulation." *Id.* Plaintiff further argues that "[t]he only

explanation offered in the record for this dichotomy of findings is that with a limitation to frequent handling and fingering there are jobs [she] can perform, . . . but with only [an] occasional ability to handle and finger there are no jobs that [she] can perform." *Id.* In this case, the RFC with respect to these limitations reflects those contained in the majority of the opinion evidence, the only exception being some, but not all, of the opinions of Plaintiff's providers to which the ALJ accorded little weight. *See* Tr. 80 (finding no limitation in these areas), 88 (same as Tr. 80), 104 (finding Plaintiff unlimited in fingering and handling but limited in reaching), 118 (same as Tr. 104), 589 (opining Plaintiff can reach for one hour in an eight hour workday), 810 (opining Plaintiff can reach up above her shoulders and down toward the floor 0-30 percent of the time and handle or finger 30-70 percent of the time), 818 (opining Plaintiff can reach up above her shoulders and down toward the floor 0-30 percent of the time and handle or finger 30-70 percent of the time), 1031 (opining Plaintiff can reach for one hour in an eight hour workday), 1063 (opining Plaintiff can reach up to 33 percent of the time and use a computer or mouse up to 33 percent of the time and can engage in simple grasping and fine manipulation); SSR 96-9p, 1996 WL 374185, at *8 (defining occasionally as "from very little up to one-third of the time"); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) (defining frequently as "occurring from one-third to two-thirds of the time"). The record thus contains ample evidence to support the ALJ's finding that Plaintiff can reach only up to one-third of the time but finger or handle up to two-thirds of the time.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson*, 402 U.S. at 390, 404. Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ supported his conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 12, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge